IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IVS HYDRO, INC., a West Virginia corporation,
and GENERAL MANAGEMENT SERVICES, INC.,
a West Virginia corporation,

Plaintiffs,

v.  CIVIL ACTION NO. 2:01-1296

JACKIE RAY ROBINSON, ONYX INDUSTRIAL
SERVICES, INC., a Delaware corporation, and ONYX
PRECISION SERVICES, INC., a Delaware corporation,

Defendants.

## ORDER

Now pending are plaintiffs' motion for a temporary restraining order [docket #2], defendants' motion to dismiss [docket #12], and defendants' motion to strike plaintiffs' reply to defendants' response to plaintiffs' motion for temporary restraining order [docket #30]. For the following reasons, the motion for temporary restraining order is **DENIED**, the motion to dismiss is **GRANTED in part and DENIED in part**, and the motion to strike is **DENIED** as moot.

### I. Background

Defendant Jackie Ray Robinson was an employee of plaintiff IVS Hydro, Inc. (IVS) from September 21, 1992, through August 31, 1999, and an employee of plaintiff General Management Services, Inc. (GMS) from September 1, 1999, through September 28, 2001. Following his resignation from GMS in 2001, Robinson went to work for defendant Onyx Industrial Services, Inc. (Onyx), a competitor of IVS and GMS. Some 22 other IVS or GMS employees also quit and began

work for Onyx. The plaintiffs allege that Robinson wrongfully solicited IVS or GMS employees, and that Robinson and Onyx induced plaintiffs' employees to resign, defamed the plaintiffs, committed fraud, breached fiduciary obligations, conspired in the restraint of trade, tortiously interfered with existing and prospective business advantages, and engaged in a conspiracy to destroy plaintiffs' businesses.

Plaintiffs brought this suit in federal court on December 19, 2001, and simultaneously filed a motion for a temporary restraining order. Defendants allege that although they received a copy of the complaint, they were never served with the TRO. A TRO hearing never took place. After a status conference held on April 11, 2002, the parties were ordered to attempt to resolve the issues addressed in the TRO motion, and if resolution was not possible, to brief the issues. Both the TRO issues and the motion to dismiss have been fully briefed and are now ripe.

**II. Motion to Dismiss**

The court may grant a motion to dismiss pursuant to *Fed. R. Civ. P.* 12(b)(6) for failure to state a claim only if it appears beyond doubt that plaintiffs are unable to prove any set of facts that would entitle them to relief. *See Migdal v. Rowe Price-Fleming Int'l., Inc.*, 248 F.3d 321, 325 (4th Cir. 2001). Defendants argue that the complaint does not adequately plead facts necessary to establish causes of action. The court will evaluate the complaint according to *Fed. R. Civ. P.* 8, which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. The complaint must provide the defendants with fair notice of the basis for plaintiffs' claims. *See Swierkiewicz v. Sorema N.A.*, __ U.S. __, 122 S. Ct. 992, 999 (2002).

### A. Count One – Civil Conspiracy

Plaintiffs allege that the defendants engaged in an intentional conspiracy to commit the wrongful acts listed in the remaining counts of the complaint. Defendants argue that because plaintiffs have failed adequately to plead any of the underlying counts, this count also must be dismissed.

A civil conspiracy is a combination to commit a tort. *Kessel v. Leavitt*, 511 S.E.2d 720, 753 (W. Va. 1998). It is actionable where the plaintiffs prove that defendants have committed some wrongful act or have committed a lawful act in an unlawful manner to the injury of the plaintiff. *Id.* Because the court finds below that several of plaintiffs' claims state a cause of action, it finds that this count is also adequate because it provides a short and plain statement showing why the plaintiffs are entitled to relief. *See Indy Lube Investments, L.L.C. v. Wal-Mart Stores, Inc.*, 2002 WL 655430, at *11 (D. Kan. April 16, 2002) (holding that heightened pleading standards apply where a civil conspiracy claim is predicated on fraud, but that where the claim is predicated on other torts, only a short and plain statement is required).

### B. Count Two – Wrongful Inducement of Employees to Resign

Plaintiffs acknowledge that this is a claim for tortious interference. To establish a prima facie claim for tortious interference, a plaintiff must show 1) the existence of a contractual or business relationship or expectancy; 2) an intentional act of interference by a party outside that relationship or expectancy; 3) proof that the interference caused the harm sustained; and 4) damages. *Del Giorno v. Gateway Reg'l. Health Sys., Inc.*, 64 F. Supp. 2d 604, 607 (N.D. W. Va. 1999) (quoting *Torbett v. Wheeling Dollar Sav. & Trust Co.*, 314 S.E.2d 166 (W. Va. 1983)).

-3-

Defendants argue that the count must be dismissed because it fails to specify the employees who were enticed as required by West Virginia law. This argument, however, ignores the *Erie* doctrine, which requires federal courts sitting in diversity to apply state substantive law and federal procedural law. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Matters covered by the Federal Rules of Civil Procedure are considered procedural, and the Federal Rule will apply, regardless of contrary state law. *Id.* at 427 n. 7. Therefore, Rule 8 governs matters of pleading in diversity cases, regardless of state pleading rules. *See Hanna v. Plumer*, 380 U.S. 460, 463 (1965). Requiring greater specificity for particular claims must be obtained by amending the Federal Rules, not by judicial interpretation. *Swierkiewicz*, 122 S. Ct. at 999.

Moreover, in the Fourth Circuit, a petitioner need not directly allege each element of a prima facie case to survive a Rule 12(b)(6) motion. *See Wolman v. Tose*, 467 F.2d 29, 33 n.5 (4th Cir. 1972) ("Under the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the court to *infer* that all the required element of the cause of action are present."); *Oram v. Dalton*, 927 F. Supp. 180, 183 (E.D. Va. 1996). Thus under federal law, it is not necessary to specify the employees who were induced to resign.

Accordingly, the court finds that Count Two states a cause of action. Plaintiffs have alleged that Robinson solicited key IVS and GMS employees at their job sites with the malicious intent to induce them to resign. These allegations give the defendants fair notice of the basis for the claims against them.

### C. Count Three – Defamation

Defendant argues that this count should be dismissed because plaintiffs have failed to allege the exact words used or material published as required by West Virginia law. Rule 8, however,

-4-

contains no special pleading requirement for defamation, and therefore defamation claims are tested according to whether they contain a short and plain statement showing that the claimant is entitled to relief. *See Wuchenich v. Shenandoah Mem'l. Hosp.*, 2000 WL 665633, at *14 (4th Cir. May 22, 2000).

A statement is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. *Crump v. Beckley Newspapers, Inc.*, 320 S.E.2d 70, 77 (W. Va. 1984). Plaintiffs must prove the following essential elements to prevail on their defamation claim: 1) defamatory statements, 2) a nonprivileged communication to a third party, 3) falsity, 4) reference to the plaintiff, 5) at least negligence on the part of the publisher, and 6) resulting injury. *Id.*

Here, plaintiffs allege that defendants made false statements and misrepresentations "including, but not limited to the following statements, that officers have misappropriated money from Plaintiffs; that Plaintiffs are unable to pay their trade creditors; that Plaintiffs are in poor financial condition; and other defamatory statements." Compl. at 6. They further allege that defendants had actual knowledge that these statements were false and that plaintiffs suffered damages as a result. *Id.* The court finds that these allegations satisfy the requirements of Rule 8 and that Count Three states a cause of action.

### D. Count Four – Breach of Fiduciary Duty

In this count, plaintiffs allege that Robinson breached his fiduciary duty to his employers by making contact with competitors' employees with the intent to damage or destroy plaintiffs' businesses while he was still employed by plaintiffs. Compl. at 8. Robinson, they allege, was responsible for confidential employee, customer, price, and contract information, and therefore owed

-5-

a duty to his employers. Defendants argue that plaintiffs have failed to allege that Robinson occupied the sort of confidential or other fiduciary position necessary for a duty to exist.

Plaintiffs may be unable to prevail on this count. However, the court cannot find that "it appears beyond a doubt that the plaintiff[s] can prove no set of facts in support of [their] claim." *Gilbert Imported Hardwoods, Inc. v. Holland*, 176 F. Supp. 2d 569, 577 (S.D. W. Va. 2001). Even if, as defendants allege, Robinson was only a low-level employee, plaintiffs may be able to establish that he owed a duty based on his access to confidential information. The court finds that Count Four states a cause of action.

### E. Count Five -- Violations of the Uniform Trade Secrets Act

West Virginia's Uniform Trade Secrets Act prohibits the misappropriation of trade secrets. W. Va. Code § 47-22-1 *et seq.* (1999). Plaintiffs have alleged that confidential customer lists, contract information, price information, customer negotiation strategy, union negotiations, and other information constitute trade secrets, and that Robinson disclosed this information. The court finds that this count states a cause of action.

### F. Count Six -- Violations of the Sherman Act

In this count, plaintiffs allege that "defendants' aforesaid acts and misrepresentations have been undertaken to destroy Plaintiffs IVS and GMS and constitute the use by Defendants of unfair means of competition." Compl. at 10. These actions, plaintiffs claim, constitute violations of the Sherman Antitrust Act.

Section 1 of the Sherman Antitrust Act provides in pertinent part that:

Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several states, or with foreign nations, is declared to be illegal.

-6-

15 U.S.C. § 1 (2002). To prove a violation of the Act, a plaintiff must establish two elements: 1) there must be at least two persons acting in concert; and 2) the restraint complained of must constitute an unreasonable restraint on interstate trade or commerce. *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 220 (4th Cir. 1994).

Plaintiffs must meet a heightened pleading requirements on Sherman Act claims. *See id.* at 220-21. A Sherman Act claim will survive a Rule 12(b)(6) motion only if the plaintiff has made allegations covering all the elements that comprise the theory for relief, and if those allegations are stated in terms that are neither vague nor conclusory. *Id.* at 220 (citations omitted). Wherever possible, the pleader must provide some details of time, place, and alleged effect of the conspiracy. *Id.* at 221. The plaintiff also must establish a connection with interstate commerce, either by demonstrating that the alleged anticompetitive conduct occurred in interstate commerce, or by showing that intrastate conduct had an effect on interstate commerce. *Id.* Bare bones allegations of antitrust conspiracies without supporting facts should be dismissed. *Id.*

The court finds that plaintiffs have not satisfied the heightened requirements. They have simply incorporated the allegations previously set forth in the complaint, concluded without explanation that plaintiffs and defendants are engaged in interstate commerce, and stated that previously alleged acts and misrepresentations constitute violations of the Sherman Antitrust Act. Compl. at 9-10. These allegations are insufficient to allege a restraint of trade. As in *Estate Constr. Co.*, the complaint here "lacks completely any allegations of communications, meetings or other means through which one might infer the existence of a conspiracy." *Estate Constr. Co.*, 14 F.3d at 221. Plaintiffs have not demonstrated that they are engaged in interstate commerce, but simply conluded that they are. Finally, plaintiffs have failed to allege any market power of Onyx to restrain

trade. *See id.* Because plaintiffs have made only the most general of allegations, this count is **DISMISSED.**

### G. Count Seven – Interference With a Prospective Business Advantage -- and Count Eight - Tortious Interference With Contract

Both these claims fall under the general West Virginia tort of interference. To state a claim for interference, the plaintiff must prove 1) the existence of a contractual or business relationship or expectancy; 2) an intentional act of interference by a party outside that relationship or expectancy; 3) proof that the interference caused the harm sustained; and 4) damages. *Torbett v. Wheeling Dollar Sav. & Trust Co.*, 314 S.E.2d 166, 173 (W. Va. 1984).

Defendants argue for dismissal of these counts because plaintiffs have failed to allege the time and place of the interference, the parties whose business was lost, or the means by which defendants interfered. Plaintiffs are not required, however, to plead interference claims with particularity. The court finds that Counts Seven and Eight provide a short, plain statement of the claims against the defendants.

### H. Count Nine – Fraud

Claimants must plead fraud with particularity. *See Fed. R. Civ. P.* 9(b). They must specifically allege the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (citing 5 Wright & Miller, *Federal Practice & Procedure: Civil* § 1297, at 612). Rule 9(b) allows conclusory allegations of defendant's knowledge as to the true facts and of the defendant's intent to deceive. *Id.*

-8-

The court finds that plaintiffs have plead their fraud count with adequate particularity. They have alleged that Robinson represented to him that he was "undertaking his job responsibilities consistent with the furtherance of Plaintiffs' best economic interests," when in fact he was undermining those interests at the direction of Onyx. They further allege that these misrepresentations occurred "during the time of his employ up to his resignation." Although the allegations of fraud are brief, they satisfy the requirements of Rule 9. *See Holland v. Cline Bros. Mining Co.*, 877 F. Supp. 308, 318 (S.D. W. Va. 1995).

### III. Temporary Restraining Order

A temporary restraining order is an extraordinary remedy that should be granted only if the moving party clearly establishes entitlement to the relief sought. *See Federal Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir. 1981). In deciding a motion for a temporary restraining order, the court must balance the following factors: 1) the likelihood of irreparable harm to the plaintiff if the TRO is denied; 2) the likelihood of harm to the defendants if the TRO is granted; 3) the likelihood that the plaintiff will succeed on the merits; and 4) the public interest. *See Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 359 (4th Cir. 1991); *Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189, 194-95 (4th Cir. 1977).

The plaintiffs' lack of diligence in pursuing a hearing on its motion for TRO and the resulting nearly six-month delay militate against a finding of immediate and irreparable harm. If plaintiffs were threatened with immediate and irreparable harm, they surely would have been more aggressive in pursuing their motion. Without deciding the issue, the court also finds that success on the merits is far from certain, based on defendants' argument that plaintiffs freely disclosed much of the

allegedly secret or confidential information. In light of these two factors, the court finds that the balance weighs against granting the TRO. Accordingly, the motion is **DENIED**.

## IV. Conclusion

The motion to dismiss is **GRANTED** as to Count Six only, and **DENIED** as to all other counts. The motion for temporary restraining order is **DENIED**. The motion to strike is **DENIED** as moot. A preliminary injunction hearing will be held in this matter on **May 23, 2002, at 10:00 a.m. in Charleston.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 16, 2002

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE