IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

IVS HYDRO, INC., et al.,

    Plaintiffs,

v.                        Civil Action No. 2:01-1296

ONYX INDUSTRIAL SERVICES, INC., et al.,

    Defendants.

**O R D E R**

Currently pending before the court are (1) Defendant Onyx's Objection to Plaintiffs' 'Second Amended Notice to take Video Deposition of Certain Individuals' and Motion for Conference and Protective Order (Docket Sheet Document # 122) and (2) Plaintiffs' Motion for Sanctions Pursuant to Rule 37 (# 126), both of which have been referred by the District Court. The parties have responded and replied and, the court heard oral argument on March 11, 2003.

Defendants' Motion addresses three issues. Defendants seek a protective order precluding the depositions of Randy Kruger and G.W. "Bill" Dietrich and the continued deposition of Michael Rose. As to Rose, Defendants contend that Plaintiffs have exhausted his knowledge in a deposition that began on February 18, 2003, and lasted approximately 90 minutes, but was terminated following a dispute between counsel. As to Kruger and Dietrich, Defendants contend that they should not be deposed because they were not

involved in any of the transactions at issue in this matter. In addition, the parties dispute the location of the depositions. Second, Defendants seek a protective order precluding production of documents requested by Plaintiffs via deposition notice. Finally, Defendants request a conference with the court related to counsel for Plaintiffs' conduct during the deposition of Rose.

Plaintiffs' Motion seeks a variety of sanctions for conduct that occurred at the deposition of Rose on February 18, 2003, requests an order requiring that the depositions of Kruger, Dietrich and Rose be taken in Charleston, and an order compelling production of a deposition "exhibit," the dispute over which "exhibit" ultimately led to the termination of Rose's deposition.

To the extent Defendants seek a conference with the court, it is hereby **ORDERED** that Defendants' Motion is **GRANTED**.

As to the depositions of Kruger and Dietrich, the court finds that notwithstanding Defendants' assertions to the contrary, Plaintiffs are entitled to take these depositions to determine whether these individuals possess discoverable information. Furthermore, the court finds that these depositions must be conducted at or near where the deponents reside, not in Charleston as Plaintiffs request in their Motion. Accordingly, it is hereby **ORDERED** that Defendants' Motion is **DENIED** to the extent Defendants seek an order precluding the depositions of Kruger and Dietrich and **GRANTED** as to the location of the above depositions. It is further

hereby **ORDERED** that Plaintiffs' Motion is **DENIED** to the extent Plaintiffs seek an order compelling the depositions of Kruger and Dietrich.

As to the documents requested by Plaintiffs in their Amended Notice to Take Video Deposition Duces Tecum of Certain Individuals (Rose and Kruger), the court finds that Plaintiffs' requests were untimely and not in compliance with Rule 34 of the Federal Rules of Civil Procedure. Plaintiffs served the Amended Notice on February 11, 2003, and requested documents to be produced on February 18, 2003, at the depositions. Plaintiffs' request did not comply with Rule 34's provision allowing a party upon whom the request is made to serve a written response within 30 days after the service of the request. Fed.R.Civ.P. 34(b). Accordingly, it is hereby **ORDERED** that Defendants' Motion is **GRANTED** to the extent it seeks a protective order precluding Defendants from responding to Plaintiffs untimely document requests in their Amended Notice of depositions of Rose and Kruger.

Finally, as to the conduct of counsel at the deposition of Michael Rose conducted on February 18, 2003, at Onyx's headquarters in or near Baytown, Texas, the court carefully reviewed the video tape submitted by Plaintiffs and considered the arguments of the parties in their various pleadings. The court finds that it was inappropriate for Plaintiffs' counsel to seize a document belonging to Defendants from book shelves in the room in which Mr. Rose's

3

deposition was taken and attempt to mark it as an exhibit. The document, a copy of Onyx's strategic business plan, had not been properly requested by Plaintiffs prior to the deposition. Counsel for Plaintiffs' suggestion, that the absence of an indication that the document was marked "confidential" somehow justifies his retrieval of the document from the bookshelves in a room in Onyx's headquarters where the deposition happened to be conducted, is unconvincing. Equally unconvincing is Plaintiffs' assertion that there was some sort of physical aggressiveness towards Plaintiffs' counsel by Defendants' Texas counsel, B. Thomas Cook; the court neither hears nor sees any indication of this on the video tape.

When Plaintiffs' counsel attempted to mark the strategic business plan as an exhibit and question Rose about it, Mr. Cook retrieved the document, removed the exhibit sticker, stated Defendants would not be producing the document and offered Rose for further questioning in other areas. What Mr. Cook declined to do was call the undersigned while on the record, as suggested by Plaintiffs' counsel, or otherwise attempt to confer in a good faith effort to resolve the dispute. There is no justification for the conduct of Mr. Cook in refusing to contact the court in an attempt to resolve the dispute.

It is hereby **ORDERED** that Plaintiffs' Motion is **DENIED** as being without substantial justification pursuant to Rule 37(a)(4) of the Federal Rules of Civil Procedure. Plaintiffs may complete the deposition of Rose in or near Baytown, Texas. Defendants' West

4

Virginia counsel, Mr. Melick, must attend the deposition in person.

As to costs, the court finds that the parties should bear their own costs as to Defendants' Motion and the issues of the depositions of Kruger and Dietrich and the untimely service of document requests via the Amended Notice of deposition for Rose and Kruger. The court finds that Plaintiffs' Motion was not substantially justified, and Defendants have leave to file a motion for costs and attorney's fees incurred in connection with Plaintiffs' Motion insofar as it relates to the conduct of counsel at Rose's deposition.

The Clerk is directed to mail a copy of this Order to all counsel of record.

ENTER: March 14, 2003

                                          Mary E. Stanley
                                          United States Magistrate Judge